UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CISNEROS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. MORENO, JR.,<br><br>　　　　　Defendant. | No.  1:19-cv-1676 JLT PC<br><br>**ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS AND MOTION FOR COSTS**<br><br>**(Doc. 15)**<br><br>**CLERK TO CLOSE CASE** |

　　　　This matter is before the Court on defendant's motion to dismiss for failure to exhaust administrative remedies and motion for costs.[1] (Doc. 15.) Plaintiff concedes that he did not exhaust his administrative remedies prior to filing suit and therefore does not oppose dismissal on that ground. He does, however, oppose defendant's motion for costs.

　　　　Prior to initiating this case, plaintiff filed an action in this court against the same defendant and based on the same set of facts, Cisneros v. Moreno, 1:18-cv-0628-LJO-JDP ("the first case"). On August 16, 2019, the defendant moved for summary judgment for failure to exhaust administrative remedies. On December 11, 2019, the first case was dismissed without prejudice at plaintiff's request, who acknowledged that his jailhouse lawyer, Edward Spencer, did not exhaust his administrative remedies prior to filing suit.

---

[1] All parties have consented to the jurisdiction of the undersigned for all further proceedings in this action, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c)(1).

1

Two weeks before the first case was dismissed, plaintiff initiated this action with the assistance of Mr. Spencer. Again, plaintiff did not exhaust his administrative remedies prior to suit. And again, defendant seeks dismissal on that ground.

Before defendant moved for dismissal here, plaintiff filed a motion to dismiss with prejudice in the first case with the assistance of a new jailhouse lawyer, Ernest Brooks. Since the first case was already closed at the time, it begs the question whether plaintiff intended to file his request for dismissal in this case. A declaration submitted by Mr. Brooks in support of the motion notes that plaintiff was misled by Mr. Spencer and suggests that it was intended for filing here since it references drafting the dismissal request in Cisneros v. Moreno, 1:18-cv-0628-LJO-JDP. See Decl. of Ernest J. Brooks in Supp. Pl.'s Mot. Dism. ¶ 4. In plaintiff's reply here, plaintiff confirms that his motion to dismiss with prejudice was mislabeled and should have been filed in this case. Pl.'s Reply at 1 ("On or about August 5, 2020, Plaintiff intended to file a Motion to dismiss this case with prejudice, but inadvertantly [*sic*] filed the dismissal under the prior case number...."). In any event, what is apparent now is that plaintiff requests dismissal of this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). Since defendants have not yet filed an answer or motion for summary judgment, plaintiff's request is self-effectuating, and the case will be dismissed.

As for defendant's motion for costs pursuant to Federal Rule of Civil Procedure 41(d), this rule provides that, "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Defendant submits a declaration by defense counsel, who states that his office billed the California Department of Corrections and Rehabilitation $11,631.50 in defending Cisneros v. Moreno, 1:18-cv-0628-LJO-JDP. Decl. of A. Whisnand in Supp. Def.'s Mot. Dism. & Mot. Costs ¶ 2. While defendant does not seek to recover the full amount, he does seek $1,000 as part of the costs and expenses of the prior suit. Def.'s Mot. Dismiss & Mot. Costs at 13.

"Rule 41(d) is 'intended to serve as a deterrent to forum shopping and vexatious litigation.'" Esquivel v. Arau, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996), quoting Simeone v. First Bank Nat'l Ass'n, 971 F.2d 103, 108 (8th Cir. 1992). It "conveys 'broad discretion' on federal courts to order

2

stays and payment of costs," but neither costs nor a stay is "mandatory." Id. (citing United Trans. Union v. Maine Cent. R.R. Corp., 107 F.R.D. 391, 392 (D. Me. 1985)). "It is appropriate for a court to exercise its discretion and award costs where doing so is warranted to prevent prejudice to the defendant." Holt v. Kormann, Case No. SACV 11-01047 DOC (MLGx), 2012 WL 5829864, at *2 (C.D. Cal. Nov. 15, 2012), citing Esquivel, 913 F. Supp. at 1387. Conversely, "a court may refuse to order a stay pending the payment of costs 'if it appears that there was a good reason for the dismissal of the prior action or that the plaintiff is financially unable to pay the costs.'" Prest v. Jermstad, 250 F.R.D. 506, 507-508 (S.D. Cal. 2008) (declining to stay case until costs were paid because it "would effectively end the case").

In his reply to the motion, plaintiff identifies himself as a 77-year-old inmate with limited knowledge of English. Reply at 1. To pursue what he believed to be a valid claim against defendant, plaintiff relied on the advice and assistance of his first jailhouse lawyer, Mr. Spencer. Id. at 2. Plaintiff deemed Mr. Spencer to be trustworthy because he was the ADA representative for disabled inmates. Plainly, Mr. Spencer provided plaintiff with incorrect legal advice about the preclusive effect of plaintiff's failure to exhaust his administrative remedies. For this, plaintiff paid Mr. Spencer $40. It appears then that plaintiff's decision to dismiss the first case and to later refile it was based on Mr. Spencer's incorrect advice and not because plaintiff himself is a vexatious litigant or that he had an intent to forum shop. Defendant's motion for costs will therefore be denied.

Based on the foregoing, the Court **DENIES AS MOOT** defendant's motion to dismiss and motion for costs (Doc. 15). Furthermore, at plaintiff's request this case has been DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated: **December 3, 2020**             /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE

3